UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LELAND FOSTER, | ) Case No. 2:26-cv-52 |
| Plaintiff, | ) |
| v. | ) Judge |
| KAJC HOSPITALITY LLC, an Illinois limited liability company, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. who hereby files this Complaint against the named Defendant KAJC Hospitality LLC, an Illinois limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **LELAND FOSTER** ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant KAJC Hospitality LLC owns the property located at 1773 Fountain Park Dr, Schererville, IN 46375 in Lake County, which is a hotel known as Holiday Inn Express & Suites Schererville. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. The hotel owned and/or operated by the Defendant was originally built in 2007 by the Defendant KAJC Hospitality LLC (or its predecessor) and underwent extensive renovation and alteration by the Defendant KAJC Hospitality LLC (or its predecessor) which concluded in 2018 and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design or 2010 ADA Standards as applicable for newly designed and constructed or altered facilities. Full compliance with the implementing

regulations of the ADA to all new construction and altered public accommodation areas is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The hotel owned or operated by the KAJC Hospitality LLC is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also, as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster has traveled to the area to frequents the state parks, restaurants, shopping centers, businesses and establishments of Northwest Indiana and surrounding area, including the Defendant's property that form the subject of this complaint.

10. Mr. Foster travels to and through Lake County, Indiana specifically two or three times annually for the past 10 years when he participates in or attends adaptive sporting events in the area. In addition, he has required accommodations to attend to personal affairs in the Hammond, Indiana area. When doing so he has had occasion to stay overnight at this hotel.

11. On May 7-8, 2025, Plaintiff was an overnight guest at the hotel, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the hotel owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Routes:**

A. The accessible route from designated accessible parking to the hotel's entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

B. Curb ramps throughout the property have excess slope or, some curb ramps have level landing, and one curb ramps cannot be utilized because its access is blocked by parked vehicles in a space immediately located in front of the ramp, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

C. There is no accessible route to the entrance due to the presence of non-compliant ramps, in violation of the ADA and section 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

D. Some of the hotel entrances have excess slopes in the entryway's required maneuvering clearance at the doorway, in violation of the ADA and section 404.2.4.1 and 404.2.4.4 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

E. The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

F. The men's restroom water closet seat is below required height range, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

G. The men's restroom toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

H. The men's restroom side grab bar does not extend 54 inches minimum from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

    I. The men's restroom rear grab bar around the water closet does not meet required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

    J. The side and rear grab bars are mounted in excess of 36 inches above the finish floor to the top of their gripping surface in violation of the ADA and section 609.4 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

    K. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Designated Mobility Accessible Guestroom #107**

    L. The door to exit the guestroom does not have required maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG Section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

    M. Amenities including the microwave, lamp controls, the thermostat, and coat hooks are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

    N. The mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

    O. The rear grab bar around the water closet does not meet required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

    P. There is not 60 inches of clear floor space around the water closet due to the lavatory placement, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

    Q. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

    R. The towel bar is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

    S. The roll-in shower compartment folding seat does not extend from the back wall to a

point within 3 inches of the compartment entry and it is also installed backwards for a L-Shaped Seats, in violation of the ADA and sections 610.3 and 610.3.2 of the 2010 Standards and 1991 ADAAG section 4.21.3 and figure 36, whose remedy is strictly required or, at minimum, readily achievable.

T. The roll-in shower faucet controls and shower spray are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall and the controls, faucets, and shower spray unit are located higher than 48 inches above the shower floor, in violation of the ADA and Section 608.5.2 and 308.2.1 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

U. The shower spray unit does not have an on/off control with a non-positive shut-off in violation of the ADA and section 607.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

V. The hand held shower sprayer mount placement obstructs use of the control end grab bar, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

W. The shower control mechanism that diverts the water from the shower head to the hand held spray unit is located at 54 inches above the finish floor and is above the allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

X. There is not at least a 36-inch-wide path around the bed, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Y. The maneuvering clearance to access the temperature controls is blocked by the bed, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

Z. The maneuvering clearance to access the coat hooks is blocked by the bed, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

**Designated Mobility Accessible Guestrooms Equipped with Bathtub**

AA. Grab bars within the bathtub compartment are non-compliant, in violation of the ADA and Section 607.4of the 2010 Standards and 1991 ADAAG Section 4.20.4, whose remedy is strictly required or, at minimum, readily achievable.

BB. There is no shower spray unit with a hose 59 inches long minimum that can be used both as a fixed-position shower head and as a hand-held shower, in violation of the

    ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and Section 4.20.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

  CC.    The bathtub control are not located between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA and Section 607.5 of the 2010 Standards and Section 4.20.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable

**Designated Mobility Accessible Guestrooms Generally**

  DD.    Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 107). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

**Access to Goods and Services**

  EE.  There are amenities in the breakfast area, including cups and coffee additions, that are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

  FF.  The laundry supplies dispenser's operable parts are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

**Policies and Procedures**

  GG.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

  HH.    The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by the Defendant is not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to

handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and/or operated by the Defendant, KAJC Hospitality LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to bring their place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, KAJC Hospitality LLC, owns and/or operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant has committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, the hotel lacks compliant amenities in it mobility accessible restrooms, most importantly showers for bathing, for use by disabled guests, and also lacks safe and accessible routes from the accessible parking to the hotel entrances.

25. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant

to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjr@owendunnlaw.com